UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TERRY W. WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00169-JMB |
| | ) | |
| NICOLE UNKNOWN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Terry W. Wheeler for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. At the time he filed his complaint, he was an inmate at the Dunklin County Justice Center in Kennett, Missouri. He names Jail Administrator Nicole Unknown, Nurse Ashley Unknown, and Dr. Unknown as defendants. (Docket No. 1 at 2-3). All three are sued in their individual capacities only.

Plaintiff states that he was "locked up" at the Dunklin County Justice Center on July 10, 2019. (Docket No. 1 at 3). He asserts that "they" took his medical boot, which he was wearing on

his right foot, due to surgery he had undergone in June 2019. Plaintiff further asserts that when he was incarcerated, he told "them" about the appointments he had to go to. Specifically, he states that he told "them" that he had an appointment to see a foot doctor and an appointment to start treatment for hepatitis C.

Plaintiff claims that when he saw Nurse Ashley, "she denied [him]." Then, when he saw "the doctor," the doctor also "denied" plaintiff. Plaintiff complains that "they" will not contact his outside doctor. He states that his foot is "in pain all the time," and that he worries about his "health decreasing from having" hepatitis C. Plaintiff asserts that he sent a grievance to Jail Administrator Nicole, but did not receive a reply.

Plaintiff alleges this "malicious act" violates his Fourteenth Amendment rights. (Docket No. 1 at 4). He seeks $35,000 in damages. (Docket No. 1 at 5).

## Discussion

Plaintiff brings this action against defendants Nicole Unknown, Ashley Unknown, and Dr. Unknown, accusing them of deliberate indifference to his medical needs. Having reviewed the complaint, the Court has determined that it is subject to dismissal for failure to state a claim. However, as plaintiff is proceeding pro se, he will be allowed to file an amended complaint.

**A. Deficiencies in Complaint**

Plaintiff alleges that defendants were deliberately indifferent to his medical needs. At the time of the complaint, plaintiff was a pretrial detainee. Thus, his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).

Accordingly, plaintiff's medical claims will be analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff has failed to state a claim against any of the defendants. His chief complaint against Nurse Ashley and Dr. Unknown is that his medical boot was taken away, and that he was not allowed to attend his outside medical appointments. Aside from failing to specify who actually took his medical boot, plaintiff also fails to allege how the taking of the boot amounted to the disregard of a serious medical need. Similarly, his mere assertion that he was not allowed to attend

outside medical appointments does not, in and of itself, describe an action "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." That is, plaintiff acknowledges seeing a nurse and a doctor while in jail, and does not demonstrate that this was inadequate to care for his needs. Thus, plaintiff has not adequately stated a deliberate indifference claim.

As to Jail Administrator Nicole, plaintiff's only allegation is that he sent her a grievance to which he received no response. Plaintiff does not indicate the contents of the grievance. Nevertheless, Jail Administrator Nicole's purported failure to respond to a grievance does not state a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (stating that a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right). As such, plaintiff has not stated a claim against Jail Administrator Nicole.

**B. Order to Amend**

Because plaintiff is proceeding pro se, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

The Court notes that plaintiff's "Statement of Claim" included several vague allegations. For example, plaintiff states that "they" took his medical boots, and that he advised "them" that he had an outside medical appointment. Plaintiff should not refer to the defendants collectively. Instead, in his amended complaint, plaintiff is required to present factual allegations against each individual defendant in this case, in order that each defendant can receive notice of what he or she

is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order this action will be dismissed without prejudice and without further notice.

7

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 22nd day of January, 2020.

/s/ *John M. Bodenhause*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE