UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRY W. WHEELER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NICOLE UNKNOWN, et al., )<br>)<br>)<br>Defendants. ) | No. 1:19-cv-00169-JMB |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On January 22, 2020, the Court directed plaintiff Terry W. Wheeler to file an amended complaint within thirty days. (Docket No. 5). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### **Background**

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. He filed his complaint on September 23, 2019, while he was an inmate at the Dunklin County Justice Center in Kennett, Missouri. Plaintiff named Jail Administrator Nicole Unknown, Nurse Ashley Unknown, and Dr. Unknown as defendants. (Docket No. 1 at 2-3). All three were sued in their individual capacities only.

In the complaint, plaintiff alleged that defendants were deliberately indifferent to his medical needs. Specifically, plaintiff claimed that when he was placed into the Dunklin County Justice Center, his medical boot, which he was wearing on his right foot due to a recent surgery, was taken from him. He further asserted that he was not allowed to attend outside medical appointments regarding his foot and his hepatitis C.

Plaintiff contended that defendants' actions violated his Fourteenth Amendment Rights. As a result, he sought $35,000 in damages.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. On January 22, 2020, the Court directed plaintiff to file an amended complaint. In so doing, the Court noted that his allegations were insufficient to state a claim and subject to dismissal. With regard to Nurse Ashley and Dr. Unknown, plaintiff failed to present any facts showing that their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As to Jail Administrator Nicole, plaintiff's only allegation was that she refused to respond to his grievance. However, this assertion failed to state a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (stating that a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right).

The Court's order provided instructions for plaintiff to follow in drafting his amended complaint. The Court also directed the Clerk of Court to send plaintiff a copy of the Court's prisoner civil rights complaint form, to aid his compliance. Plaintiff was given thirty days in which to respond.

**Discussion**

As noted above, on January 22, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. The amended complaint was due by February 24, 2020. In the order, plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff more than thirty days in which to respond. Nonetheless, plaintiff has failed to file

an amended complaint as directed. Furthermore, he has not filed a motion with the Court seeking an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of January 22, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of January 22, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of March, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE